IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH ASHLEY RIDER, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 14-0180-CB-M
:
JAMES MILTON, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent James Milton and against Petitioner Joseph Ashley Rider pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of sexual misconduct in the

1

Baldwin County Circuit Court on September 25, 1998 for which he received a sentence of one year in prison; the sentence was suspended and Rider was placed on two years of probation (Doc. 1, p. 2; Doc. 7, p. 1). Petitioner did not appeal the conviction or sentence (Doc. 7, p. 1).

Rider filed a Petition for Post Conviction Relief on September 6, 2012 (Doc. 7, Exhibit B). The petition was denied by the Circuit Court on December 12, 2012 (*see* Doc. 7, Exhibit A, p. 3). Petitioner sought no further review (*see* Doc. 7, p. 2).

On November 30, 2012, Rider pled guilty to violating the Sex Offender Community Notification Act (hereinafter *CNA*) for which he was sentenced to two years in prison; the sentence was suspended and Petitioner was ordered to serve two years of probation (*see* Doc. 7, p. 2). On July 12, 2013, the Alabama Court of Criminal Appeals affirmed the conviction and sentence (*see* Doc. 7, p. 2; Exhibit D). On July 31, a certificate of judgment was entered (Doc. 7, Exhibit E).

On January 9, 2014, Rider pled guilty to violating the CNA a second time for which he was sentenced to ten years in prison; the sentence was suspended and Petitioner was placed on three years of probation, to be served concurrently with his first CNA conviction (*see* Doc. 7, p. 3). Rider did not appeal (*see* Doc.

2

7, p. 3; Exhibit I).[1]

Petitioner filed a complaint with this Court on April 21, 2014, raising the following claims: (1) His conviction is unconstitutional because, following his guilty plea, the law was changed so that he was required to register as a sex offender; (2) his guilty plea was coerced and unknowing; (3) his civil rights and the prohibition against *ex post facto* laws have been violated; (4) the actions taken against him violated the Double Jeopardy clause of the Constitution; and (5) he was denied the effective assistance of counsel at trial, on appeal, and in his State Rule 32 proceedings (Doc. 1; *cf.* Doc. 7, p. 4).[2]

Sexual Misconduct Conviction

Respondent has answered the petition, arguing that Rider's

---

[1] Respondent asserts that Riders' probationary status in the two CNA violations has since been revoked and that the appeal of those revocations is pending before the Alabama Court of Criminal Appeals (Doc. 7, p. 3; Exhibits F, G, H, J, and K). However, as those proceedings have no direct effect on this action, no further discussion will ensue.

[2] Though the instructions for filing a habeas corpus action state that "[o]nly convictions entered by one court at the same time may be challenged in a single petition" (Doc. 1, p. 2, ¶ 5), Rider has challenged three different convictions, all occurring at different times (though in the same Court) in this Petition (Doc. 1). The Court will, nevertheless, address the challenges to all three of the convictions in this proceeding as they are closely related

The Court further notes that Rider has not specified which claims pertain to which conviction. However, because of the findings made by the Court regarding the posture of these different convictions, it is unnecessary for Petitioner to more clearly set out his claims.

3

claims pertaining to his sexual misconduct conviction should be dismissed as this petition was not filed within the one-year statute of limitations period (Doc. 7, pp. 5-6). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's sexual misconduct conviction became final on November 6, 1998, the last day that he could file an appeal;[3] the next day, the AEDPA limitations clock began to run. Rider's habeas corpus petition was not filed in this Court until April

---

[3] **Error! Main Document Only.** "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule

4

21, 2014, more than fourteen years after the one-year expiration period had expired. Petitioner had filed a State Rule 32 petition on September 6, 2012, nearly thirteen years after the limitations period had expired. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause[4] for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred. For the reasoning stated herein, it is recommended that this habeas petition, insofar as it raises claims pertaining to his sexual misconduct conviction, be dismissed as time-barred under AEDPA.

---

3(a)(2)." Ala.R.App.P. 4(b)(1).
[4] On June 23, 2014, this Court ordered Rider to show cause, no later than July 14, why this action should not be dismissed as time-barred and procedurally defaulted (Doc. 8). On July 1, Petitioner notified the Court of his change of address (Doc. 9). The Court re-mailed the June 23 Order on July 3. As of this date, Rider has not responded to the Court's Order. As Petitioner has been given ample time to respond, the Court will wait no longer.

First CNA Conviction

With regard to Rider's first CNA conviction, Respondent has stated that it is not barred by the limitations period of AEDPA (Doc. 7, p. 6). Nevertheless, Respondent asserts that those claims should not be considered by this Court because they are procedurally defaulted as Petitioner did not pursue his claims throughout the State courts (Doc. 7, pp. 6-8).

Following his first CNA conviction, Rider appealed, but sought no review beyond the Alabama Court of Criminal Appeals (Doc. 7, Exhibits D, E). The Court notes that Petitioner did not seek rehearing of the dismissal of his appeal by the Alabama Court of Criminal Appeals or *certiorari* in the Alabama Supreme Court. Alabama law clearly provided Petitioner the opportunity to seek review of the denial of his appeal in a rehearing by the Alabama Court of Criminal Appeals. Ala.R.App.P. 40(a). The fourteen-day time period in which Rider could have pursued rehearing has passed. Ala.R.App.P. 40(c). Furthermore, Alabama law allowed Petitioner to seek *certiorari* in the Alabama Supreme Court for the review of the denial of rehearing by the Alabama Court of Criminal Appeals. Ala.R.App.P. 39(a). *See* Ala.R.App.P. 39(c). Because Petitioner did not pursue his claims in a timely fashion before the two Alabama appellate

6

courts, they are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

The Court finds that Rider's claims regarding his first CNA conviction are procedurally defaulted under *O'Sullivan*.

However, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental

7

miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Rider has demonstrated neither cause nor prejudice for failing to raise his claims in a timely manner in the State courts. Furthermore, Petitioner has not shown that this Court's failure to discuss the merit of his claims will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers claims relating to Rider's first CNA conviction to be procedurally defaulted and the Court will not address their merit. It is recommended that this petition be denied and that this action be dismissed as to the claims raised regarding Petitioner's first CNA conviction.

Second CNA Conviction

With regard to Rider's second CNA conviction, Respondent has asserted that it is not barred by the AEDPA limitations period (Doc. 7, p. 6). Respondent further states that, although Petitioner did not appeal his conviction and the time has lapsed for such action, he has until January 9, 2015 to file a State Rule 32 petition on those claims (Doc. 7, pp. 8-9).

This Court finds that Petitioner has failed to exhaust his State remedies with regard to the claims brought in this action

regarding his second CNA conviction.  Under federal statutory law, this Court cannot grant a petition for habeas corpus under § 2254 if the Petitioner has not exhausted his claims in the State courts.  28 U.S.C. § 2254(b)(1)(A).  As such, this Court cannot rule on Rider's petition with regard to the claims concerning his second CNA conviction.  *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005), *cert. denied*, 547 U.S. 1073 (2006); s*ee also Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Therefore, it is recommended that this petition be denied as to the claims raised regarding Rider's second CNA conviction and that this action be dismissed so that Petitioner can exhaust his state remedies.

Summary of Conclusions

In conclusion, it is recommended that Rider's claims arising out of his sexual misconduct conviction are time-barred under AEDPA and should be denied.  It is further recommended that Petitioner's claims arising out of his first CNA conviction are procedurally defaulted and should be denied.  It is recommended that the claims arising out of Rider's second CNA conviction are unexhausted in the State courts and should be dismissed so that he may pursue his available remedies.  It is recommended that judgment be entered in favor of Respondent

9

James Milton and against Petitioner Joseph Ashley Rider pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Rider has sought review in this Court of claims that are barred by AEDPA, claims that are barred because they are

procedurally defaulted, or claims that have yet to be raised in the State courts, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Rider should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## FINAL CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 13th day of August, 2014.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE